UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

LOUIS TAFUTO,

       Plaintiff,

  -v-                                                      No. 16 CV 8648-LTS-DCF

DONALD J. TRUMP FOR PRESIDENT, et al.,

       Defendants.

-------------------------------------------------------x

MEMORANDUM OPINION AND ORDER

       Plaintiff Louis Tafuto brings this action pro se pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), alleging violations of his rights under the United States Constitution. Plaintiff also asserts a claim for violation of section 6201.1 of the New York Fair Campaign Code. The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331. On October 2, 2017, Plaintiff filed the operative Second Amended Complaint. (Docket entry no. 41 (the "SAC")). Defendants now move to dismiss the SAC pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6). (Docket entry no. 46.) The Court has considered carefully the parties' submissions and, for the following reasons, Defendants' motion to dismiss is granted.

BACKGROUND

       The following recitation of facts is drawn from the SAC, the well-pleaded factual content of which is taken as true for purposes of this motion.

       Plaintiff is a personal management consultant and a member of the Republican Party. (SAC ¶¶ 16, 18.) Plaintiff voted in the November 2016 presidential election against

Defendant Donald J. Trump and intends to vote in the 2018 and 2020 elections.  (SAC ¶¶ 24, 25.)  Plaintiff alleges that Defendants conspired to "deny Plaintiff his right to an undiluted vote" by, among other things, unconstitutionally manipulating the primary election process and the electoral college, violating the election laws and constitutions of each of the fifty states, spreading Russian-generated disinformation and falsehoods, and obstructing facts critical to voter knowledge.  (SAC ¶¶ 36, 39, 46, 50, 54, 57.)  Specifically, the SAC alleges that Defendants utilized false campaign messaging to "gain poisoned possession of general election voters and dilute the Plaintiff's vote through dividing Democrats, Independents, and Trump opponents, and suppressing Democratic voters."  (SAC ¶ 65; see also SAC ¶¶ 64-69, 149-191, 274.)  Plaintiff alleges that Defendants' actions constituted a "digital partisan gerrymandering scheme designed to dilute the vote of the [P]laintiff on his political ideologies and region so that his vote could not be aggregated and was not weighed in a fair and equitable manner."  (SAC ¶ 59.)  The SAC also alleges that Defendants' actions constituted "political espionage" for the purposes of New York Fair Campaign Code § 6201.1(a), and that Defendants also violated section 6201.1 when they "cooperated, colluded, and conspired with [] Russia to commit espionage; when they devised and engaged in political practices and strategies intended to subvert and undermine the electoral process; when they deliberately misrepresented polling data; [and] when they devised and engaged in political strategies intended to hinder the value of the vote of [their] opponents."  (SAC ¶¶ 392-396.)

As a result of Defendants' actions, Plaintiff alleges that his vote was "not afforded equal protection," and that the dilution of his vote is a "loss of his equal protection and free speech rights."  (SAC ¶ 26.)  Plaintiff also alleges that he has "been disenfranchised from his social connection to the Republican Party," that he has "suffered ongoing personal discord

among Trump supporters among his family and friends," and that he has "suffered professionally in his business because his immigrant clients [sic] progress slowed due to personal issues resulting from fear."  (SAC ¶ 26; see also SAC at 98-99.)  Plaintiff seeks declaratory and injunctive relief that would, among other things, "declare the intended purpose, process and methods of the [D]efendants" unconstitutional, "declare the Election Results of 2016 unconstitutional," order Defendants to "issue a retraction of all lies propagated and disseminated during the [2016] and 2020 election campaign," and enjoin Defendants from "communicating and distributing repeated and proven falsehoods."  (SAC at 100.)

## DISCUSSION

Defendants move to dismiss the SAC pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction, Rule 12(b)(5), for insufficient service of process, and Rule 12(b)(6), for failure to state a claim upon which relief can be granted.  On a motion pursuant to Federal Rule of Civil Procedure 12(b)(1), an action must be dismissed for lack of subject matter jurisdiction if the district court lacks the statutory or constitutional power to adjudicate the case.  Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  Where, as here, a party also seeks dismissal on Rule 12(b)(6) and 12(b)(5) grounds, the Court must consider the Rule 12(b)(1) motion first.  Witt v. Village of Mamaroneck, 992 F. Supp. 2d 350, 357 (S.D.N.Y. 2014).  In resolving Defendants' motion, the Court is mindful that it must "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest."  Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007) (internal quotation marks and citations omitted).

"A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."  Makarova, 201 F.3d at 113.  To meet his burden, a

plaintiff must demonstrate that he has standing to assert his claims, such that the matter presents a case or controversy within the meaning of Article III of the Constitution.  Clapper v. Amnesty Int'l USA, 568 U.S. 398, 408-409 (2013).  To establish Article III standing, a plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.  Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016).  Defendants argue that Plaintiff lacks standing to bring this action because he has not suffered a concrete and particularized injury in fact, and because any alleged injury is too speculative to be fairly traceable to Defendants' challenged conduct.  The Court agrees.

> To establish injury in fact, a plaintiff must show that he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."  Spokeo, 136 S. Ct. at 1548.  To allege a "concrete and particularized" injury, a plaintiff must show that he "personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant."  Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 472 (1982); accord Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 n.1 ("By particularized, we mean that the injury must affect the plaintiff in a personal and individual way.").  Accordingly, an injury that plaintiff "suffers in some indefinite way in common with people generally" will not suffice.  DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 344 (2006); Lujan, 504 U.S. at 573-74 ("[A] plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy.").

Here, Plaintiff contends that he has standing based on the alleged dilution of his vote as a result of Defendants' actions.  (SAC ¶ 26; see also SAC at 98-99.)  Plaintiff's claims, however, are premised solely on his status as a citizen and registered voter, and his alleged injury is one that is shared by many other voters.  As the SAC acknowledges, at a minimum, Plaintiff shares his alleged injury with every other Republican resident of New York who voted against Defendant Donald J. Trump.  (See SAC ¶¶ 5-9 (alleging that Plaintiff's voting power was diluted "as a Republican opposed to Trump and resident of New York").)  Plaintiff's generalized grievance is insufficient to give rise to Article III standing.  See Crist v. Commission on Presidential Debates, 262 F.3d 193, 194 (2d Cir. 2001) ("[A] voter fails to present an injury-in-fact when the alleged harm is abstract and widely shared . . . ."); Collins v. Merrill, 2016 WL 7176651, at *2 (S.D.N.Y. Dec. 7, 2016) (finding that voter lacked standing to challenge certification of the Electoral College vote where her complaint was "premised entirely on alleged injuries that [p]laintiff shares with the general voting population.").

Moreover, given the "endless number of diverse factors potentially contributing to the outcome of . . . elections," Plaintiff has not plausibly alleged that Defendants' actions resulted in the dilution of his vote.  Davis v. Garcia, 2008 WL 2229811, at *5 (S.D.N.Y. May 27, 2008) (internal quotation marks omitted).  Although it is possible based on the allegations in the SAC that the Defendants' conduct had some impact on the outcome of the 2016 election, it is equally plausible, after drawing all favorable inferences, that Plaintiff's vote was unaffected by Defendants' challenged conduct.  Because the SAC does not allege sufficient non-conclusory facts to suggest plausibly that Defendants' alleged actions had an impact on Plaintiff's vote, Plaintiff has failed to demonstrate that he has standing to bring this action.

In light of the Court's conclusion that the Court lacks subject matter jurisdiction of Plaintiff's claims, the Court need not address Defendants' remaining arguments for dismissal.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the Second Amended Complaint is granted in its entirety. The Clerk of Court is requested to enter judgment dismissing the Second Amended Complaint for lack of subject matter jurisdiction and to close this case. This Memorandum Opinion and Order resolves docket entry no. 46.

SO ORDERED.

Dated: New York, New York
August 20, 2018

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

Copy mailed to:
Louis Tafuto
314 Rt. 94 South
Suite 86
Warwick, NY 10990