**Louis Tafuto**
314 Route 94 South #86
Warwick, NY 10990
845-988-9524

October 9, 2018

United States Southern District Court
Chambers of Judge Laura Taylor Swain
U.S. Courthouse
500 Pearl Street
New York, NY 10007

Re:   Tafuto v. Trump
      16 CV 8648-LTS-DCF
      Reinstatement Application of Federal Rules of Civil Procedure 59(e), to amend the
      Court's ruling (docket entry no. 64)

Judge Swain,

I am writing to the court to for the purpose of a reinstatement of the FRCP 59(e) Motion to Amend filed on September 16, 2018 in accordance with the direction of the Courts Order Dated September 20, 2018. This correspondence is to inform the court that I have meet the requirements of the Courts Individual Rules of Practice A.2.b. At the court's request, I am also able to provide supporting documents in the form of:

- letters of correspondence by both Plaintiff and Defendant pursuant to A.2.b.
- Email Communications regarding conferencing of issues.

While the Federal Rules of Civil Procedure and the Pro Se Office provided little direction on how to proceed with this reinstatement issue, I have re-resubmitted the original motion papers with the appropriate certification for the purposes of reinstatement. Please provide clarification if any further court requirements have been omitted.

I also feel compelled to address the circumstances surrounding the A.2.b. omission in the initial filing. Below is a timeline of the events:

- August 22, 2018: I received the Courts Order date August 20, 3018 in the mail. I do not have access to Pacer. After a careful review of the Courts Rule 12b decision dismissing the case, I believed a FRCP Rule 59(e) was appropriate to clear up an omission of a recent Supreme Court ruling regarding issues of standing in vote dilution cases.

- September 12, 2018: I completed drafting my motion papers (which originally included a Paragraph A.2.b. Certification) for the purposes of submitting to the court for filing a FRCP Rule 59(e).

- September 13, 2018: As per the Court's recommendation in its order dated July 7, 2018, I then consulted with New York Legal Assistance Group located in Room LL22 of the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, NY 10007 for the purposes of having the Rule 59(e) Motion draft reviewed before reaching out the defendants' attorney or submitting the motion to the court.

    - My main request was for NYLAG to review my documents and make certain procedurally nothing was out of order, or missing. It was my intension to correspond with defendants' attorney after my consultation with NYLAG pursuant to Paragraph A.2.b.

    - During my September 13, 2018 consultation, NYLAG had provided me with 3 pieces of instruction.

        I. After a review of my motion papers, everything seemed in order procedurally.
        II. NYLAG did not have available attorneys with the expertise to review the legal issues argued in the motion (vote dilution) and I should go to the Brennen Center for Justice for that type of consultation (they provided me with a phone contact and the address).
        III. An attorney volunteer[1] at NYLAG in charge of mediation and settlement advised me (in the presence of my wife) against including the Paragraph A.2.b. certification. Both my wife and I had a substantial discussion about this issue with the NYLAG volunteer attorney, who appeared to review the rules carefully. The NYLAG attorney provided 2 reasons for the position which I will attempt to summarize below:
            i. Since the case was closed due to the dismissal, there were technically no adversaries and therefore no need to consult defendants' attorney to make this motion.
            ii. Since the Rule 59(e) was a request made to the court regarding the court's decision, defendants had no control over the resolution and a consultation, by the nature of the request, would not be anything but fruitless.

- September 14, 2018: I reached out to the Brennen Center vis phone call and left 2 messages, neither were returned. I waited the whole day to hear back from them.

---

[1] I can provide this name if necessary.

- September 16, 2018 (Sunday): just before midnight, I filed the FRCP 59(e) Motion. In the end, I chose to follow the recommendation of the NYLAG experts regarding the Paragraph A.2.b. Certification.

- September 17, 2018 (Monday): I sent a copy of the FRCP 59(e) motion to defendants' attorneys via email.

- September 20, 2018: The Court signed an order terminating the FRCP 59(e) motion due to the omission of the Paragraph A.2.b. Certification.

- September 22, 2018 (Saturday): I received the Court's order via mail. I do not have access to PACER.

- September 24, 2018 (Monday): I reached out to NYLAG to inform the NYLAG volunteer attorney of your ruling regarding the certification issue. The attorney was not in. I left a message and requested a return call from them as soon as possible. I have not heard from NYLAG or the volunteer attorney since. NYLAG has many other Pro Se defendants they are responding to on a first come first serve basis other then me.

- September 24, 2018 (Monday) I also sent a A.2.b. communication and requested an opportunity with defendants' attorney to conference on the FRCP 59(e) Motion pursuant to the Court's Order.

- September 26, 2018 (Wednesday): defendants' attorney advised me that they would need until Friday, October 5, 2018 to submit their position and more time to schedule a conference.

- October 2, 2018: Defendants' attorney and I conferenced to see if we could move up the timeline for conferencing their position expected to be submitted on Friday. Defendant's attorney graciously agreed to submit their position to me on Thursday, October 4, 2018 and we could discuss shortly thereafter rather than bringing the delay into next week.

- October 4, 2018: Defendants' attorney provided written response to their position on the FRCP 59(e) Motion and indicated they would be able to conference on Monday, October 8, 2018.

- October 8, 2018 (4pm): Defendants' attorney and I conferenced regarding the motion and were unable to resolve the matter.

Having completed the process according to the Court's Individual Rules of Practice A.2.b. and providing this letter (and attached correspondence) as certification of the process, I now move for the original FRCP Motion be reinstated for your consideration.

While I understand I should have reached out to the defendants regardless and be on the safe side of the Court's Individual Rules, I wanted the court to know this was a misstep under the circumstances. And that I have done everything possible to resolve the issue as soon as possible.

Thank you.

Louis Tafuto

cc:   Patrick MacPartland, Esq.