UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

LOUIS TAFUTO,

        Plaintiff,

    -v-                                No.  16 CV 8648-LTS-DCF

DONALD J. TRUMP FOR PRESIDENT, et
al.,

        Defendants.

--------------------------------------------------------x

## MEMORANDUM ORDER

        Before the Court is pro se Plaintiff Louis Tafuto's motion, pursuant to Federal

Rule of Civil Procedure 59(e), for reconsideration of the Court's August 20, 2018, Memorandum

Opinion and Order (docket entry no. 61 (the "August Opinion")) granting Defendants' motion to

dismiss the Second Amended Complaint (docket entry no. 41) for lack of subject matter

jurisdiction.  (Docket entry nos. 67, 68.)

        Reconsideration pursuant to Federal Rule of Civil Procedure 59(e) is an

"extraordinary remedy to be employed sparingly in the interests of finality and conservation of

scarce judicial resources."  In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614

(S.D.N.Y. 2000) (citations and quotation marks omitted).  Such a motion is not intended to be a

vehicle through which a party dissatisfied with a court's ruling can advance new theories that the

movant failed to advance in connection with the underlying motion, nor secure a rehearing on the

merits with regard to issues already decided.  Griffin Indus., Inc. v. Petrojam, Ltd., 72 F. Supp.

2d 365, 368 (S.D.N.Y. 1999).  "The major grounds justifying reconsideration are an intervening

change in controlling law, the availability of new evidence, or the need to correct a clear error or

prevent manifest injustice." <u>Virgin Atl. Airways Ltd. v. Nat'l Mediation Bd.</u>, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal citation and quotation marks omitted).

Plaintiff's reconsideration motion must be denied because he has identified no legal or factual basis justifying reconsideration of the August Opinion.  Plaintiff argues principally that this Court overlooked the United States Supreme Court's June 18, 2018, decision in <u>Gill v. Whitford</u>, 138 S. Ct. 1916 (2018), which Plaintiff asserts is binding authority that supports his position.  Here, Plaintiff's theory of vote dilution is premised upon the alleged practice of "digital gerrymandering," which he claims Defendants achieved in 2016 by utilizing the internet and social media to spread disinformation supporting President Trump and denigrating the Democratic nominee in key swing states with historical Democratic leanings and winner-take-all electoral college vote allocation procedures.  The effect, Plaintiff alleges, was that the Democratic presidential vote in such states was suppressed, and the Republican presidential vote enhanced, sufficiently to bring those states into the Republican electoral vote column.  Plaintiff posits that Defendants diluted the potential for aggregating the swing states' anti-Trump vote cohort with that of New York, thereby diluting the impact or value of the anti-Trump vote Plaintiff cast in New York.

Unlike the instant case, however, <u>Gill</u> involved allegations of partisan gerrymandering through the drawing of physical legislative district boundaries with the aim of diluting the strength of Democratic votes by "cracking," or splitting, likely Democratic voters among districts in which they could not constitute the majority of voters, while "packing" likely Republican voters in sufficient numbers to carry the voting in enough districts to ensure statewide Republican domination.  <u>Id.</u> at 1923-24.  The Court in <u>Gill</u> rejected plaintiffs' argument that they could demonstrate standing by showing distorted statewide political

outcomes, but left open the possibility that standing could be established on the part of individual plaintiffs by showing that the plaintiff's own vote had been diluted by manipulation of the plaintiff's own legislative district boundaries to suppress the impact of plaintiff's vote and those of like-minded voters.  The Court determined that "statewide harm to [plaintiffs'] interest in their collective representation in the legislature and in influencing the legislature's overall composition and policymaking" did not "present[] an individual and personal injury of the kind required for Article III standing."  Id. at 1931 (internal quotation marks omitted).  Rather, such statewide claims constituted "'the kind of undifferentiated, generalized grievance about the conduct of government that we have refused to countenance in the past.'"  Id.  Plaintiff's claim here, of harm derived from alleged voter manipulation outside of his own state, is just this sort of generalized grievance.  Thus, Gill provides no support for the notion that Plaintiff's factual allegations are sufficient to demonstrate a particularized injury or support standing to challenge "digital gerrymandering" as violative of Plaintiff's rights to free speech and equal protection.

Similarly, reconsideration is not warranted based upon factual distinctions between Davis v. Garcia, No. 07 Civ. 9897(CLB), 2008 WL 2229811 (S.D.N.Y. May 27, 2008), and the instant case.  Plaintiff's characterization of Davis is incorrect insofar as he asserts that Davis did not involve claims of vote dilution.  See id. at *4-5 (discussing vote dilution claim).  Moreover, the factual distinctions identified by Plaintiff have no bearing upon the Davis court's primary conclusion that "[c]ourts are powerless to confer standing when the causal link between the alleged injury and the complained of conduct is too tenuous."  Id. at *5.

Because Plaintiff has identified no relevant controlling authority that was overlooked by the Court in its August Opinion, nor demonstrated that reconsideration is

necessary to correct a clear error or prevent manifest injustice, his motion for reconsideration is

denied.  This Memorandum Order resolves docket entry nos. 67 and 68.

      SO ORDERED.

Dated: New York, New York
      June 21, 2019

                   /s/ Laura Taylor Swain     
                   LAURA TAYLOR SWAIN
                   United States District Judge

Copy mailed to:
Louis Tafuto
314 Rt. 94 South
Suite 86
Warwick, NY 10990